**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **PIERO A. BUGONI,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-20-1133 |
| **EMPLOYMENT BACKGROUND INVESTIGATIONS, INC.,** *et al,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Piero A. Bugoni ("Plaintiff"), who is self-represented, filed a Complaint on May 4, 2020, against Defendants Employment Background Investigations, Inc. ("EBI") and the person he describes as EBI's President, Richard Kurland. (collectively "Defendants"). ECF 1. Essentially, Plaintiff alleges that EBI performed a background investigation of him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Each Defendant has filed a Motion to Dismiss, ECF 12, 13. The Clerk's Office sent Plaintiff two Rule 12/56 letters, advising him of the potential consequences of failing to respond to the dispositive motions in a timely manner. ECF 14, 15. Plaintiff filed a response, several days after the deadline, ECF 16, and Defendants have filed a reply, ECF 18.[1] Despite Plaintiff's belated filing, I have carefully reviewed the filings in this case, and no hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (2018). For the reasons that follow, EBI's motion to dismiss will be granted in part and denied in part, and Kurland's motion to dismiss will be granted.

---

[1] Plaintiff should be mindful that *pro se* litigants are not exempt from Court scheduling orders. Future failure to file documents in a timely manner could result in those filings being disregarded.

I. **Factual and Procedural Background**

The following factual allegations are derived from the Complaint, and are assumed to be true for purposes of these motions. Plaintiff is the President, the sole proprietor, and the only employee of BallCam Technologies, Inc. ("BallCam."). ECF 1 ¶¶ 12, 15, 16. As his compensation from BallCam, Plaintiff receives a cash payment of $1.00 per year, plus "Room and Board, Personal Transportation, Clothing and Medical Care," and "Life Sustenance." *Id.* ¶¶ 21-26. A client, ValueMomentum, contracted for BallCam to provide it one year of services, at $75 per hour, up to a maximum of 40 hours per week between April 1, 2019 and March 31, 2020 ("the contract").[2] *Id.* ¶ 34. The contract "did not offer nor guarantee any kind of presumptive nor fixed number of Billable Hours." *Id.* ¶ 36. Plaintiff began to perform work on the contract on April 8, 2019, and first reported to ValueMomentum's job site on April 15, 2018. *Id.* ¶ 35. Two days later, on April 17, 2019, EBI delivered a Consumer Investigative Report ("the Report"), or background check, it had performed on Plaintiff to ValueMomentum. *Id.* ValueMomentum cited the contents of the Report as the basis for terminating its contract with BallCam. *Id.* BallCam received $8929.25 in compensation for the work it had performed before the contract was terminated, *id.* ¶ 43, but has received no revenue since, and has been unable to pay Plaintiff's living expenses. *Id.* ¶ 22.

II. **Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.

---

[2] Plaintiff's Complaint represents that the contract between BallCam and ValueMomentum is attached as Exhibit 1 to the Complaint, ECF 1 ¶ 34, but in fact Exhibit 1 is a letter from Plaintiff regarding a prior court filing. ECF 1-1. No copy of the contract has been provided.

2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221, 133 S. Ct. 1709, 185 L.Ed.2d 758 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346, 190 L.Ed.2d 309 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350

(4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943, 132 S. Ct. 402, 181 L.Ed.2d 257 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937, 132 S. Ct. 1960, 182 L.Ed.2d 772 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014),

*aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also MD v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein. . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and authentic'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004).

5

Accordingly, when resolving a Rule 12(b)(6) motion, a court may consider certain exhibits, without converting the motion to dismiss to one for summary judgment. *See Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits. . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg*, 745 F.3d at 136; *Anand*, 754 F.3d at 198; *Am. Chiropractic Ass'n*, 367 F.3d at 234; *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 558 (2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Here, Plaintiff's claims rest entirely on the contents of the Report issued to ValueMomentum by EBI. Thus, that document "gives rise to the legal rights asserted" and is integral to Plaintiff's Complaint. Moreover, there is no evident dispute about its authenticity. EBI attached the Report to its Motion, and Plaintiff did not respond to challenge it. EBI also authenticated the Report through the affidavit of Curt Schwall, ECF 12-2, who attested that the attachment is the Report EBI provided to ValueMomentum. *Id.* ¶ 2. As further evidence of the

Report's authenticity, the contents of ECF 12-4 align with the allegations in Plaintiff's Complaint. Thus, the Court will consider the Report, ECF 12-4, in adjudicating these motions to dismiss.

A different result is reached, however, with respect to the "Bugoni Litigation History," attached at ECF 12-1, and the "Credit Report Authorization," attached at ECF 12-3. Those documents were not referenced in or integral to the Complaint, and thus they cannot be considered at the motion to dismiss stage of the litigation. Neither Defendant sought to have its motion treated, in the alternative, as a motion for summary judgment, and Plaintiff was therefore not on notice that he must produce evidence to respond to such a motion. This Court, therefore, will decline to convert Defendants' motions to dismiss into motions for summary judgment, and will disregard ECF 12-1 and ECF 12-3.

### III. Analysis

Plaintiff's twenty-seven causes of action can be classified into several distinct groups for purposes of legal analysis. Initially, while Plaintiff generally talks about the actions of "Defendants" throughout his Complaint, Kurland is only referenced individually in two Counts, Counts 25 and 27. ECF 1. Even in those counts, Plaintiff does not set forth factual allegations pertaining to any actions taken by Kurland with respect to the Report, but instead makes generalized pronouncements about Kurland and "his Corporation." *See, e.g.*, ECF 1 ¶ 125 ("In short, Plaintiff needs neither 'EBI', nor its offensive Products and Fraudulent Services, nor Richard Kurland, nor anything that ever comes from Richard Kurland, in Plaintiff's life for ANY REASON WHATSOEVER."); *Id.* ("As such Plaintiff has lost all the Valuable Consideration that was supposed to have come, and would have come from BallCam Technologies to Plaintiff, but for the conduct of Richard Kurland and his fetid spawn, "Employment Background Incorporated."); *Id.* ¶ 133 ("[I]t is an Outrage that by such Deceit, Richard Kurland and his Corporation are attempting

to cause their Product to be perceived as an ordinary part of Employment practices, and as normal social conduct."). Personal liability in tort may only be imposed where a company's officer either took direct part in the commission of the tort or "specifically directed the particular act to be done or participated" in the act by the corporation, and Plaintiff has made no such allegations with regards to the Report beyond vague and conclusory statements outlined like those above. *See Levi v. Schwartz*, 201 Md. 575, 583, 95 A.2d 322, 327 (1953). For that reason, and because Counts 25 and 27 are subject to dismissal for the other reasons described below, Kurland's Motion to Dismiss will be granted in its entirety.

### A. FCRA violations for "reporting a conviction that is more than seven years old."

Five counts of Plaintiff's complaint (Counts 1-5) misapprehend the prohibitions of the FCRA. A consumer reporting agency, such as EBI, is prohibited from including "[a]ny other adverse item of information, <u>other than records of convictions of crimes</u>[,] which antedates the report by more than seven years." 15 U.S.C. § 1681c(a)(5) (emphasis added). Counts 1-5 report records of convictions of crimes.[3] ECF 1 ¶¶ 59-63; ECF 12-4 at 3-4, 10. Accordingly, EBI was permitted to include those records in the Report despite their age, and the corresponding counts must be dismissed.

Count 8 similarly reports the "guilty" disposition of a charge from more than seven years ago, but is distinguishable from the above. That entry, #CR1989-013189, concerns a misdemeanor offense committed in 1989. *Id.* at 4-5. The Report accurately reports that Plaintiff was found "Guilty" (or convicted), and received a fine, but then notes, "Order Setting Aside Judgment of Guilt and Dismissing Charges Granted 10/12/2015." *Id.* at 5. Because the judgment of guilt had

---

[3] To the extent Plaintiff challenges whether the disposition in case #33483 was properly deemed a "conviction" as a result of marijuana's now-legalized status, the issue will be addressed in Section III.B.1.

been set aside several years before preparation of the Report, the entry arguably may not qualified for the FCRA's "conviction" exception to its general prohibition to reporting adverse information more than seven years old. Taking these facts in the light most favorable to Plaintiff, he has plausibly stated a claim for relief as to that entry. Count 8 survives dismissal.

### B. FCRA violations for "non-convictions reported as convictions"

Plaintiff's allegations that certain non-conviction dispositions were reported as "convictions" can be divided into subcategories.

#### 1. Counts 6 and 15

In these Counts, Plaintiff alleges that his two convictions for possession of marijuana should not have been reported, because possession of marijuana is now legal in the jurisdictions in which he was convicted. ECF 1 ¶¶ 64, 73. Plaintiff has not alleged that the laws in either jurisdiction retroactively legalized marijuana possession or automatically expunged his convictions, or that he otherwise sought actual expungement. Thus, he has not stated a plausible claim that his convictions were somehow invalidated, or would not have been subject to reporting as a matter of public record. In the absence of such factual allegations, the Report accurately reported Plaintiff's convictions that remain part of the public record, and the related Counts must be dismissed.

#### 2. Count 7

As noted above, discovery will proceed on whether case #CR1989-013189 was improperly included in the Report as adverse information more than seven years old (Count 8). However, Plaintiff's argument in Count 7 that this case was "wrongfully reported as a conviction" is unfounded. The Report simply includes information from public records regarding the disposition of Plaintiff's various criminal cases, specifically noting here that Plaintiff was found "Guilty" and

9

then noting in the "Sentence Comments" that the court set aside the judgment of guilt and dismissed the charges. *See* 15 U.S.C. § 1681k(a)(2) ("items of public record . . . shall be considered up to date if the current public record status of the item at the time of the report is reported."). This does not reflect "a non-conviction reported as a conviction," but rather is a recounting of the initial guilty verdict and the eventual setting aside of that verdict. Plaintiff has not alleged that any of this recounting of #CR1989-013189's disposition is inaccurate or outdated, and in fact his allegations corroborate the Report's contents. ECF 1 ¶ 65 ("The judgement of guilt in that case has been set aside, and the charges have been dismissed."). Count Seven will therefore be dismissed.

### 3. Counts 9 through 14

The entries cited in Counts 9 through 14 all pertain to cases from 2013 and 2014, which were less than seven years old at the time the Report was prepared in 2019, ECF 12-4 at 6-9, and thus are allowed to be reported per 15 U.S.C. § 1681c(a)(5) irrespective of whether they are classified as convictions. Accordingly, no plausible FCRA violation is alleged.

### C. FCRA violations for "reporting of records without consent"

Plaintiff's "lack of consent" claim, asserted in Counts 16, 17, and 18, is patently frivolous.[4] Plaintiff cites no statutory or other basis for allowing a defendant to shield the publicly available information about his criminal history from reporting by consumer reporting agencies, simply by placing a "note" in the criminal docket. No provision of the FCRA provides for such protection, and Plaintiff's allegations therefore do not amount to a plausible statutory violation. Consumer

---

[4] Again, Plaintiff makes reference to alleged exhibits that he failed to attach to his Complaint. ECF 1 ¶¶ 74, 76, 78. Even assuming, however, that his allegations are true, and that the criminal case files contain the entries Plaintiff alleges, he has not stated a viable claim for an FCRA violation.

reporting agencies are permitted to report publicly available information, in accordance with the restrictions in the FCRA.

### D. FCRA violation for "impermissible use"

Count 19 is not subject to dismissal at this stage of the litigation. Plaintiff plausibly alleges that ValueMomentum did not pursue the background investigation of Plaintiff in the context of an "employment relationship," because it had entered into a corporate contract with BallCom to provide services. ECF 1 § 80. EBI contends that it did not rely on the provisions permitting background investigations in an employment context, but instead permissibly performed the background investigation under 15 U.S.C. § 1681b(a)(2), which allows a consumer report to be prepared "in accordance with the written instructions of the consumer to whom [the report] relates." To support its argument, EBI cites the written "Consumer Report Authorization" purportedly signed by Plaintiff. ECF 12-3. While EBI's position may well be meritorious once that document appropriately becomes part of the record, as described above, this Court generally cannot consider documents outside of the Complaint in the context of a Rule 12(b)(6) motion to dismiss, and it has not been presented with a motion for summary judgment. Accordingly, the Court declines to consider ECF 12-3. On the present record, EBI's motion to dismiss Count Nineteen must be denied.

### E. State Law Claims

#### 1. Preemption

The FCRA includes an express and broad preemption provision, which provides:

> Except as provided in provided in Sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

As noted above, Plaintiff has not plausibly alleged any false information included in the Report. Plaintiff's allegations of false information (such as suggesting that some of the Report's dispositions are wrongly reported as "convictions") are readily disproven by reference to the Report itself. Neither of the two surviving FCRA claims in Count 8 and Count 19 are premised on allegations of false information. Thus, state law claims of the nature described in the FCRA's express limitation of liability are preempted, which results in the dismissal of Count 20 (Libel), Count 21 (False Light Personation), and Count 25 (Invasion of Personal Affairs).[5]

Although some of Plaintiff's other state law counts do not fall squarely within the FCRA's preemption language, he lacks standing to assert several of his claims, because he does not fall within the category of persons who might suffer an "injury in fact" from EBI's alleged conduct. *See Sierra Club v. U.S. Dept. of the Interior,* 899 F.3d 260, 283 (4th Cir. 2018). For example, in Count 22 (False Pretenses, Fraudulent Representations), Plaintiff alleges that the Reports issued by EBI do not provide the promised value to their users, like ValueMomentum in this case. ECF 1 ¶¶ 89-93. Plaintiff, who did not purchase a Report from EBI, lacks standing to assert such a claim on behalf of EBI's customers, and Count 22 therefore must be dismissed. Similarly, even assuming that private civil causes of action exist against EBI for "promoting unlawful employment discrimination" (Count 24) or "aiding and abetting visa fraud" (Count 26) by ValueMomentum, Plaintiff lacks standing to assert such claims, because, as he expressly notes, he did not apply for employment with ValueMomentum. *See, e.g.*, ECF 1 ¶ 37 ("[T]he Contract in effect was not an

---

[5] As part of his claim for "False Light Personation," Plaintiff also alleges separate harm to BallCam. ECF 1 ¶ 88. BallCam is not a plaintiff in this case, and its interests cannot be represented by Plaintiff as an individual *pro se* litigant. *See* Loc. R. 101.1(a) (D. Md. 2018) ("All parties other than individuals must be represented by counsel.").

'Employment' Contract, but a Service Contract."). As a contractor rather than employee, he cannot have suffered "injury in fact" resulting from EBI's alleged wrongdoing in its *employment* activities. Finally, in Count 27 (Outrage), Plaintiff again alleges that Defendants "manipulated their customers into purchasing a product" and deceived "businesses and employers into believing they must use Defendant's product as a necessary part of selecting persons for employment." Because Plaintiff was not a customer of EBI and did not purchase or use EBI's product, he suffered no harm from such actions and lacks standing to assert the claim in Count 27.

Plaintiff's final state law claim is his "defective product" claim in Count 23. Product liability law is patently inapplicable in this context. As the Ninth Circuit has explained:

> A book containing Shakespeare's sonnets consists of two parts, the material and print therein, and the ideas and expression thereof. The first may be a product, but the second is not. The latter, were Shakespeare alive, would be governed by copyright laws; the laws of libel, to the extent consistent with the First Amendment; and the laws of misrepresentation, negligent misrepresentation, negligence, and mistake. These doctrines applicable to the second part are aimed at the delicate issues that arise with respect to intangibles such as ideas and expression. Products liability law is geared to the tangible world.

*Winter v. G.P. Putnam's Sons*, 938 F.2d 1033, 1034 (9th Cir. 1991) (declining "to expand products liability law to embrace the ideas and expression in a book"). Maryland's law is entirely consistent with the Ninth Circuit's sentiment, as it defines "product" for the purposes of product liability cases as "a tangible article, including attachments, accessories, and component parts, and accompanying labels, warnings, instructions, and packaging." Md. Cts. & Jud. Proc., 5-115(a)(4).

Plaintiff's Complaint fails to allege the physical means by which the Report's contents were transmitted to ValueMomentum. Even assuming that the Report arrived in a tangible, hard copy format, Plaintiff does not allege injury from the paper and print, but from the intangible ideas and content. His claims about the content of the background investigation are appropriately governed by the FCRA, not by product liability laws.

13

### F. Forms of Relief Requested

In light of the above rulings, the sole claims surviving dismissal are two FCRA violations, Counts 8 and 19. If Plaintiff is ultimately able to establish EBI's liability for either count, Plaintiff will be entitled to pursue the remedies in 15 U.S.C. § 1681n (if Plaintiff can prove a willful violation) or 15 U.S.C. § 1681o (if Plaintiff merely establishes a negligent violation). The possible remedies under those provisions include the actual damages sustained by Plaintiff, but would not include the value of the contract that BallCam "lost," because BallCam is not a plaintiff and cannot assert a claim. *See* ECF 1 ¶ 139 (asking that "Defendants be ordered by a Jury to pay BallCam Technologies Inc. [t]he value of the Contract they caused that Corporation to lose."). Treble damages, which are requested by Plaintiff in his Complaint, are not available under the FCRA, even if the violation is willful. *See* 18 U.S.C. § 1681n(a) (allowing recovery of "any actual damages sustained by the consumer" or statutory damages not exceeding $1,000, as well as "such amount of punitive damages as the court may allow," and costs of the action).

Plaintiff also seeks various forms of injunctive relief (including the injunctions he requests under the heading of "punitive damages"). ECF 1 ¶¶ 142, 144, 154-158. Although the Fourth Circuit has not yet addressed the issue, most courts have found that injunctive relief is unavailable to private litigants under the FCRA. *See Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that injunctive relief is not available to private consumers under the FCRA and noting that "the Act elsewhere expressly grants the power to obtain injunctive relief to the [Federal Trade Commission.]"); *see also Alston v. Equifax Info. Servs., LLC,* Civil Action No. TDC-13-1230, 2014 WL 6288169, at *3 (D. Md. Nov. 13, 2014) (collecting cases illustrating that "the vast majority of district courts, including in this district and within the Fourth Circuit, have followed the Fifth Circuit's holding in *Washington*.").

However, this Court need not reach the issue of the availability of injunctive relief. Even if injunctive relief were available to private litigants, Plaintiff's requested injunctive relief would be denied, because it far exceeds, and in some cases does not address whatsoever, the limited FCRA violations stated in Counts 8 or 19. *See, e.g.*, ECF 1 ¶ 144 (seeking to "prohibit Richard Kurland from ever paying any Invoice, Bill, Demand or other request for funds from any Vendor, Creditor or otherwise to Richard Kurland or 'EBI' for any Service rendered, Rent, Mortgage or otherwise"); ¶ 154 (seeking an injunction "compelling Defendant to correct their 'Warning Label' . . . so as to properly inform a user of such a Report of the 'Totality of Circumstances' regarding that Report itself, and its use."); ¶ 156 (seeking an injunction "to compel Defendant 'EBI' from retaining, publishing nor [sic] reporting any information of any kind regarding Plaintiff."). This Court's exercise of equitable powers, if it were appropriate at all, would have to be remedial in nature (i.e. enjoining a particular entry from appearing on Plaintiff's investigative report), and not punitive or universal in scope as Plaintiff requests.

Similarly, the extensive declaratory relief requested by Plaintiff, ECF 1 ¶¶ 145-53, essentially seeks amendments to the FCRA. Such statutory changes are within the purview of Congress, not this Court. All of Plaintiff's requests for declaratory relief, like his requests for injunctive relief, are therefore dismissed.

The final issue this Court must address is whether the dismissal of Plaintiff's claims should be with or without prejudice. The Fourth Circuit has explained, "While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little

15

benefit to the litigant, as the claim cannot be made viable through reformulation." *McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) (citation omitted)); Gensler, Fed. R. Civ. P. Rules & Commentary 288-89. Accordingly, Counts 1-5, 7, 9-14, 16-18, 20-27 are dismissed with prejudice because, for the reasons explained above (ranging from preemption to lack of standing to a misreading of the statutory provisions), there is no set of facts that could plausibly state a meritorious claim for those violations. The remaining counts that are dismissed as described herein will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Kurland's Motion to Dismiss, ECF 13, is granted, and EBI's Motion to Dismiss, ECF 12, is denied as to Counts 8 and 19, to the extent those counts seek monetary damages permitted by the FCRA, and granted as to the remainder of Plaintiff's claims. An implementing Order follows.

Dated: October 9, 2020

/s/
Stephanie A. Gallagher
United States District Judge