IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **PIERO A. BUGONI,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-20-1133 |
| **EMPLOYMENT BACKGROUND INVESTIGATIONS, INC.,** *et al,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Piero A. Bugoni ("Plaintiff"), who is self-represented, filed a Complaint under the Fair Credit Reporting Act ("FCRA") against Defendant Employment Background Investigations, Inc. ("EBI"), for claims arising out of a background investigation report EBI provided to ValueMomentum, Inc. ("VMM").[1] After adjudication of a motion to dismiss, two claims remain: (1) Plaintiff's claim that the record of his now-expunged criminal conviction in CR1989-013189 was too old to report under 15 U.S.C. § 1681c(a), and (2) Plaintiff's claim that EBI unlawfully disclosed his criminal history information because VMM did not have an employment-permissible purpose to order his background report. ECF 20, 21. EBI has now filed a motion for summary judgment as to both remaining claims. ECF 35. Plaintiff has filed an opposition,[2] ECF 56, and

---

[1] Plaintiff's claims against an individual defendant were dismissed by prior order of this Court. ECF 21.

[2] On February 8, 2022, this Court denied certain motions Plaintiff had filed, and afforded Plaintiff an extra thirty days to incorporate the arguments he had made in those motions into a new opposition to EBI's summary judgment motion. ECF 60. Plaintiff declined to revise his opposition, instead opting to direct this Court to the opposition he filed with this Court on August 9, 2021, prior to his unsuccessful interlocutory appeal. *See* Docket Entry of March 7, 2022 (directing this Court to the opposition filed at ECF 56). Because Plaintiff mailed that opposition to EBI before filing it with the Court, EBI's reply to Plaintiff's opposition, ECF 55, was actually

EBI has filed a reply, ECF 55.  This Court has considered Plaintiff's request for a hearing, ECF 57, but has determined in accordance with the Local Rules that no hearing is necessary to resolve the pending motion.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, EBI's motion will be granted.

I.   **Factual and Procedural Background**

Maricopa County Superior Court records show that Plaintiff was convicted of misdemeanor attempted theft on April 5, 1990.  ECF 35-2 (Schwall Declaration) ¶ 10; ECF 35-5.  Twenty-five years later, on July 14, 2015, Plaintiff sought and obtained relief from that conviction under Arizona law.  *See id.*; *see also* A.R.S. §§ 13-905-907.  Arizona law provides that a conviction set aside pursuant to those statutory provisions may be "used as a conviction if the conviction would be admissible had it not been set aside" and may otherwise be "used as a prior conviction." A.R.S. §§ 13-905(E).  In preparing consumer background reports, EBI treats a "conviction" under the FCRA as one defined by federal law, meaning that EBI continues to report a conviction if it is subject to a later dismissal not based on the merits of the case.  ECF 35-2 ¶ 10.

On April 1, 2019, VMM entered into a contract with Plaintiff's company, BallCam Technologies, under which Plaintiff would provide certain services to VMM.  ECF 35-3.  The contract, entitled Master Services Agreement, provides that BallCam will conduct a criminal background check on Plaintiff, and that VMM has the right to conduct its own criminal background check.  *Id.*  VMM, in fact, provided Plaintiff with a boilerplate disclosure and authorization form advising Plaintiff that EBI would conduct a background check.  ECF 35-8.  Plaintiff signed the consent form and returned it to VMM.  *Id.*

---

docketed before the opposition itself, ECF 56.  Despite the convoluted docketing, the motion has been fully briefed.

EBI requires that companies using its investigative services follow the FCRA's procedures, which include the "employment purposes" provision and the provision of background investigations "in accordance with the written instructions of the consumer" as permitted by 15 U.S.C. § 1681b(a)(2). ECF 35-2 ¶¶ 4, 6. EBI relies upon its customers' contractual representations that they will comply with the FCRA when requesting reports. ECF 35-2 ¶ 3. In fact, VMM forwards the signed authorization for each consumer to EBI when ordering a report, and sent the authorization signed by Plaintiff to EBI when ordering his report. ECF 35-2 ¶ 5.

## II.     Legal Standards

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In reviewing EBI's summary judgment motion, the Court also considers Plaintiff's self-represented status. In *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), the court found that a pro se plaintiff's pleadings and motions must be liberally construed. *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that writings by pro se complainants are held to "less stringent standards than formal pleadings drafted by lawyers"); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Although the Court applies that more liberal standard in reviewing a pro se response to a defendant's summary judgment motion, the pro se plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" to be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995) (citations omitted); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), *cert. denied*, 513 U.S. 813 (1994).

**III.   Analysis**

    **A.  The "Set Aside" Prior Conviction**

Plaintiff contends that EBI violated the FCRA by reporting an entry relating to a misdemeanor offense committed in 1989.  EBI's report accurately reports that Plaintiff was found "Guilty" (or convicted), and received a fine, but then notes, "Order Setting Aside Judgment of Guilt and Dismissing Charges Granted 10/12/2015."  ECF 35-4 at 5.  Plaintiff argues that because the judgment of guilt had been set aside several years before EBI's preparation of the Report, it should not have been reported because it is not a "conviction" and is more than seven years old.  Under the FCRA, a consumer reporting agency, such as EBI, is prohibited from including "[a]ny other adverse item of information, other than records of convictions of crimes[,] which antedates the report by more than seven years."  15 U.S.C. § 1681c(a)(5).

Both federal and Arizona law, however, are clear that the post-conviction relief Plaintiff obtained does not transform the public records entry from a "prior conviction" into something else.  While A.R.S. §§ 13-905-07 operate to restore a defendant's civil rights following a conviction, those statutes expressly do not prohibit the subsequent use of that prior conviction in other contexts.  *See* A.R.S. § 13-905(E) (a "conviction that is set aside may be . . . [u]sed as a conviction if the conviction would be admissible had it not been set aside.").  In fact, Arizona law specifies that the conviction need not be removed from the defendant's criminal record.  *See* A.R.S. § 13-905(G) ("This section does not . . . [r]equire a law enforcement agency to redact or remove a record or information from the record of a person whose conviction is set aside.").  And while the definition section of the FCRA, 15 U.S.C. § 1681a, does not define "conviction," federal courts have long defined the term, in the FCRA context and in other contexts, to turn on a finding of guilt after a plea or verdict of guilt, regardless of any subsequent non-merits-based or rehabilitative

5

expungement.  *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 114-15 (1983) (holding that subsequent expungement does not alter the fact of conviction or signify innocence of the crime to which a defendant pled guilty); *Aldaco v. RentGrow, Inc.*, 921 F.3d 685 (7th Cir. 2019) (holding that federal law, not state law, determines the existence of a conviction for purposes of FCRA reporting requirements, and permitting reporting of a guilty plea despite dismissal of the charges by state court after a deferral period); *see also Petros v. Campbell*, 980 F.2d 245, 249-51 (4th Cir. 1992) (holding that a deferred sentence of probation still constitutes a "prior conviction" for purposes of federal sentencing enhancements, although it was not a conviction under Virginia law). By extension of these principles, then, EBI's argument prevails.  Plaintiff's "set aside" conviction still constituted a conviction subject to reporting under the FCRA.  EBI reported it accurately, including the fact that it had been set aside and dismissed fifteen years later for non-merits-based reasons.  The inclusion of that conviction in the report, then, did not constitute an FCRA violation, and summary judgment must be granted for EBI on Plaintiff's claim.

### B.  Permissible Use

Plaintiff generally alleges that the FCRA prohibited EBI from providing his background information to VMM because he was not a VMM employee, and thus the information was not provided in an employment context.  EBI counters that it was entitled to rely on VMM's contractual representation that it would comply with the FCRA provisions permitting it to procure background investigations in an employment context, but also that it permissibly performed the background investigation under 15 U.S.C. § 1681b(a)(2), which allows a consumer report to be prepared in any context "in accordance with the written instructions of the consumer to whom [the report] relates."  EBI has supported its argument by providing the written "Consumer Report

6

Authorization" signed by Plaintiff, ECF 35-4, along with a declaration establishing that VMM sent Plaintiff's written authorization to EBI when it ordered his report. 35-2 ¶ 5.

EBI's argument is well taken. The FCRA expressly permits the disclosure of a background investigation when authorized in writing, as Plaintiff's was. Thus, EBI provided the information for a permissible purpose under the statute. Plaintiff's contention that a boilerplate document signed by a consumer cannot constitute "written instructions" from that consumer contravenes the plain language of the statute. Nothing about the text requires that the instructions be "handwritten" or "originally drafted by the consumer." The instructions simply must be in writing, which these were.

Moreover, Plaintiff's tortured reading of some of the language in the "Consumer Report Authorization" is unpersuasive. The authorization makes express reference to reports made for the purpose of "employment, contract, or volunteer," defusing Plaintiff's contention that it was improper for VMM to order the report, or for EBI to prepare the report, because he would not be in an employee relationship with VMM. ECF 35-8. The authorization further explains that information can be sought from any "law enforcement agency" and "local, state or federal agency," which would clearly include criminal conviction and criminal history information. *Id.* It explains that the information will include "any and all background information." *Id.* While it enumerates certain types of records that may be sought, it specifies that the records will be "including, but not limited to" those items. *Id.* Thus, there is no exclusive list eliminating criminal history records from the information sought. Finally, Plaintiff cites the odd wording of the form, which states, "I authorize with reservation any person, business or agency contacted by the consumer reporting

7

agency to furnish such information."[3] *Id.* Plaintiff seems to suggest that because the phrase says "with reservation," he can retroactively reserve whatever exclusions he wishes from the authorization. A plain reading of the form's unusual language, however, would indicate that Plaintiff authorized the unfettered investigation described, while harboring some unspecified misgivings. Thus, this Court concludes that the "Consumer Report Authorization" constitutes "written instructions of the consumer" authorizing the background investigation, including the criminal history information procured by EBI.

Moreover, even in the absence of Plaintiff's written instructions, because of EBI's contract with VMM, in which VMM promised only to request background investigations in circumstances authorized by the FCRA, EBI had reason to believe that VMM had a permissible employment related purpose to seek the report. *See Harris v. Database Management Marketing, Inc.*, 609 F. Supp. 2d 509, 515 (D. Md. 2009) ("[If] the consumer reporting agency has *reason to believe* that the user had a permissible purpose in obtaining the report, there is no FCRA violation.") (emphasis in original). Especially in light of Plaintiff's written consent, EBI is not required to perform an independent investigation of the arrangement between VMM and its employees, contractors, or volunteers to determine the appropriate legal classification of VMM's relationship with the subject of the report. For all of the above reasons, judgment in favor of EBI is therefore appropriate as to the "permissible purpose" claim in Count 19.

---

[3] In its reply, EBI asserts that Mr. Bugoni altered the form before submitting it to remove "out" from the word "without." ECF 61 at 4-5. Certainly, the form would make more sense if the sentence read "without." As explained, however, this apparent alteration (whether done by Mr. Bugoni or not) does not negate Mr. Bugoni's consent, and this Court finds that the executed form constitutes "written instructions of the consumer" for purposes of the FCRA.

**IV.     Conclusion**

For the reasons set forth above, EBI's Motion for Summary Judgment, ECF 35, is granted and judgment will be entered in favor of EBI.  An Order of Judgment follows.


Dated:  March 25, 2022 	/s/
	Stephanie A. Gallagher
	United States District Judge